

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 04-10115-RCL

UNITED STATE OF AMERICA

v.

KARL LAWRENCE PRESCOTT

## DEFENDANT, KARL LAWRENCE PRESCOTT'S, MOTION FOR REVIEW, REVOCATION OR AMENDMENT OF THE DETENTION ORDER OF MAY 12, 2004

Now comes the defendant, KARL LAWRENCE PRESCOTT, and requests this Court review, revoke, and/or amend the Detention Order of May 12, 2004 (Bowler, Ch. M. J.) entered against him so as to permit his pretrial release upon a condition or combination of conditions set forth within 18 U.S.C. § 3142 (C).

As grounds of this request defendant says as follows:

1. Review of the Order of May 12, 2004 is requested to enable the defendant to be released from confinement during the pendency of this case so that he may:

    a. more effectively assist in the preparation of his defense to the crime he is accused of in this Indictment, or

    b. more effectively assist in the preparation of sentencing mitigation arguments should Mr. Prescott avail himself of post offense rehabilitation opportunities afforded by release pending trial or other disposition of his case[1];

---

[1] Mr. Prescott is named only in Count V of this seven (7) count indictment which charges him and another thusly:

### COUNT FIVE:

**21 U.S.C. § 841(a)(1) – Distribution of Cocaine Base; 21 U.S.C. § 860(a) – Playground Zone Violation; 18 U.S.C. § 2 – Aiding and Abetting**

The Grand Jury further charges that :

On or about November 6, 2003, at Boston, in the District of Massachusetts,

2. This case is likely to involve the filing of dispositive motions attacking the constitutionality of the additional penalty sought pursuant to 21 U.S.C. § 860(a) *[distribution of controlled substances within 1000 feet of the real property comprising the Little Scoobie Playground]* in light of Lopez v. United States, 514 U.S. 549 (1995) and United States v. Morrison, 529 U.S. 598 (2000), if not the underlying strategy employed here of making a federal case from a local problem because a small quantity of controlled substances are allegedly involved and documentation of the case in admissible form is easier in the inner city neighborhoods of Boston.

3. The government's "Detention Affidavit" unfairly links the defendant with 23 other persons whose common connection is their apparent presence around Warren Gardens area of the Roxbury section of Boston. Mr. Prescott is charged with criminal conduct with only one of those individuals on one occasion (November 6, 2003) in a transaction involving 2.3 grams of crack.

4. Mr. Prescott's "low end" guideline sentence – absent departures – but including an acceptance of responsibility deduction was stated to be thirty-three (33) months incarceration[2] by the attorney for the government.

5. United States v. Salerno, 481 U.S. 739, 755 (1987) teaches that:

   *In our society liberty is the norm and detention prior to trial or without trial is the carefully limited exception.*

6. Here the defendant proposed conditions of release which would remove him from the area *[residence at his mother's home in Dedham, Massachusetts]* and the associations which might otherwise tempt him to revert to criminal activity.

7. He also proffered the representation of a community outreach worker (Donovan

---

1. **SPENCER GRAY and**
2. **KARL LAWRENCE PRESCOTT,**

defendants herein, did, together with another person known to the Grand Jury, knowingly and intentionally possess with intent to distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1000 feet of the real property comprising the Little Scoobie Playground.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a), and Title 18, United States Code, Section 2.

[2] Pursuant Criminal History Category II; offense level 22; less three (3) points for acceptance of responsibility equals a range of 33-41 months.

2

Walker) that legitimate employment was available for the defendant upon his release from detention.

8. The defendant has compiled a record of performance on release or supervision in the district courts of Massachusetts which the Magistrate Judge benignly described as "poor." However, that is not to paint Mr. Prescott as a risk of flight. On the contrary, the defendant has never been reported a fugitive. Presently, he is indigent and without the means to flee. He is certainly not the first person to have exhibited ill considered rebelliousness as a youth.

9. He has a support system in place with people concerned for his welfare who will provide living quarters, emotional support and employment assistance.

10. The defendant most importantly, is young (aged 21 years), new to the pride and responsibility of fatherhood, and concerned that his proximity to this drug sweep will deprive him of contact with his "significant other" and daughter. He verbalizes a deep commitment to conform his conduct to the requirements of law. He, in a sense (given his criminal history), is at a fork in the path of life confronted with a choice between a lawful law abiding existence or a life of anticipated long term incarceration, skillessness, institutionalization, and separation from the "normal" freedoms so often taken for granted.[3]

11. Mr. Prescott reiterates he is amenable to whatever conditions of release this court thinks proper and advisable, including:

   a. drug use testing;

   b. nighttime (non work) curfew;

   c. reporting in person or by telephone to pre trial service;

   d. exclusion from Roxbury section of Boston without specific advance permission of Pre Trial Services.

---

[3] This Court is aware of the existence of the departure ground for extraordinary pre sentence rehabilitation United States v. Craven, 239 F. 3d 91, 99 (1st Cir., 2001) subsequent decision 358 F. 3d 11 (1st Cir., 2004); United States v. Perella, 273 F. Supp. 2d 163 (D. Mass., 2003); United States v. Wilkes, 130 F. Supp. 2d 222, 240 (D. Mass, 2001). While circumstances meriting this type of sentencing departure may be "hen's teeth rare" Craven, 99, they are, practically speaking, impossible to achieve from the confines of a pre trial detention facility.

3

## Request for Hearing

Defendant Karl Lawrence Prescott respectfully request an evidentiary hearing on this Motion.

## Local Rule 7.1 Certification

This is to certify that counsel for the defendant has spoken with counsel for the government and counsel for the government has stated that he opposes the defendant's Motion.

Respectfully submitted,
**KARL LAWRENCE PRESCOTT,**
By his attorney,

George F. Gormley
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750
BBO No. 204140

**Dated:** 5-18-2004

I certify that a copy of the above document was served upon the attorney of record for each other party by MAIL/HAND on the date stated herein