UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 04-10115-RCL

UNITED STATES OF AMERICA

v.

KARL LAWRENCE PRESCOTT

## MOTION TO DISMISS THE INDICTMENT AGAINST DEFENDANT, KARL LAWRENCE PRESCOTT, WITH PREJUDICE

Now comes the defendant, KARL LAWRENCE PRESCOTT, and requests this Honorable Court dismiss the indictment against him with prejudice.

As grounds of this request defendant says as follows:

1.  The crime set out in the indictment against Mr. Prescott describes conduct which had no substantial effect on interstate commerce and is therefore beyond the power of Congress to prohibit under the Commerce Clause of the Constitution of the United States.

2.  The activity described in the above captioned indictment is purely intrastate in character and has no significant impact in commerce.

3.  The defendant relies on United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995) (interpreting 18 U.S.C. § 922 (g)(2)(A)) and its progeny as rationale for invalidating both the provisions of 21 U.S.C. § 860(a), as well as 21 U.S.C. § 841(a)(1) as applied to the defendant, Prescott, in this situation.

4.  This having been said the defendant recognizes that one of said descendants is United States v. Zorilla, 93 F. 3d 7 (1st Cir. 1996) which ruled that the challenged statute, 21 U.S.C. § 860(a) "passes constitutional muster under the Commerce Clause." See also United States v. Burgos, 254 F. 3d 8, 11 (1st Cir. 2001) and cases cited therein.

5.  Notwithstanding the above-referenced array of First Circuit precedent interpreting this issue adversely to him, the defendant moves for dismissal of this indictment as applied to his conduct alleged herein.

6.  The defendant relies on the case of <u>Ashcroft v. Raich</u>, 03-1454 (the California medical marijuana case) now pending for decision by the United States Supreme Court as authority for this requested dismissal.[1]

>   Respectfully submitted,
>   **KARL LAWRENCE PRESCOTT**,
>   By his attorney,
>
>   *George F. Gormley* /cmc
>   George F. Gormley
>   *George F. Gormley, P.C.*
>   655 Summer Street
>   Boston, MA 02210
>   (617) 478-2750
>   BBO No. 204140

Dated: 11-3-04

>   I certify that a true copy of the above document was served upon the attorney of record for each other party by MAIL/~~HAND~~ on the date stated herein
>
>   *Christie M. Charles*

---

[1] To a lesser extent defendant also relies on the consolidated cases <u>Granholm v. Heald</u>, 003-1116 and <u>Michigan Beer & Wine Wholesalers Assn. v. Heald</u>, 03-1120 raising the federalism issue of whether the Commerce Clause trumps a discriminatory state regulatory scheme regulating the shipment of alcohol to consumers.