UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.  04-10115-RCL

UNITED STATES OF AMERICA

v.

KARL LAWRENCE PRESCOTT

**DEFENDANT KARL LAWRENCE PRESCOTT'S SENTENCING MEMORANDUM**

Now comes defendant KARL LAWRENCE PRESCOTT, through counsel, and hereby submits this Memorandum in preparation for his sentencing.

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker / United States v. Fanfan, 543 U.S. ___ (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a)[1].  Defendant therefore submits that a sentence of one year and one day is appropriate given the fact that there is a one year mandatory minimum sentence. While defendant is aware that there is some disparity between his requested sentence and the

---

[1] As stated in the Pre-Plea Presentence Report (PSR), the Guideline Sentencing Range (GSR) in this case is 37-46 months.  In arriving at this GSR, the Probation Officer notes that § 2D1.2(a)(1) yields a base offense level of 22 (2 plus level 20, determined by the Drug Quantity Table at § 2D1.1(c)(10)) since the amount of cocaine base distributed in a playground zone is at least 2 grams, but less than 3 grams.  As argued by defendant in his objection to the PSR, however, it is Mr. Prescott's position that he is only responsible for sentencing purposes for the 1.15 grams of cocaine base that he supplied (at Mr. Gray's request) on November 6, 2003 and not the 1.15 grams supplied by Mr. Gilchrist.  Therefore, it is Mr. Prescott's position that his base offense level is actually 20 (2 plus level 18).  After making the 3 level reduction for acceptance of responsibility, therefore, Mr. Prescott's total offense level is 17.  With a total offense level of 17 and a Criminal History Category III, the GSR would be 30-37 months.

sentencing range called for by the Guidelines, he submits that because he has been detained since his arrest on April 14, 2004, the punishment for his crime has already been felt and he does not present a situation where a lengthier period of incarceration is necessary to make the severity of the punishment known to the defendant.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. As set forth in Mr. Prescott's objection to the PRS, as well as more fully below, Mr. Prescott was charged in one count of a seven count indictment. While the Government contends that Mr. Prescott was responsible for 2.3 grams of cocaine base by virtue of the fact that he and Mr. Gilchrist were each instructed by defendant Spencer Gray to bring six (6) bags of "crack" (each containing 1.15 grams) for sale to the undercover officer, in reality Mr. Prescott only supplied 1.15 grams of crack on November 6, 2003. The Presentence Report lists several defendants before six (6) different judges of this Court as "related cases." Mr. Prescott should be sentenced as an individual and his sentence should not be influenced by the fact that other individuals are charged with crimes occurring in or around his neighborhood. Further, as set forth more fully below, Mr. Prescott is a young man who is in a stable relationship and has a two year old daughter. Mr. Prescott has strong incentive to serve the time imposed on him and then return home to support his family and live his life in a lawful manner. A sentence of one year and one day is therefore appropriate and adequate.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. Defendant submits that the factor suggested in subsection (D), the need to provide education or vocational training or medical care is inapplicable in the present case. Therefore, defendant will focus on the first three (3) factors.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Given the fact that Congress proscribed a mandatory minimum sentence of one year, defendant submits that a sentence of one year and one day does reflect the seriousness of the offense and provides just punishment. While it is true that one year is a minimum sentence, defendant contends that the particular facts of his case warrant being given the minimum punishment. Mr. Prescott was only named in one (1) count of a seven (7) count indictment. In contrast, Spencer Gray was named in six (6) of the seven (7) counts and arranged for Mr. Prescott to supply the 1.15 grams of cocaine base on November 6, 2003. Mr. Prescott's role in this offense was limited to one incident, thereby warranting a minimum sentence.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. While a sentence of one year and one day is certainly shorter than the GSR of 37-46 months suggested by the Probation Officer, it is still a significant period of time to spend incarcerated. Mr. Prescott is barely twenty-two (22) years old and has most certainly learned a lesson from the time he has already spent in prison. As noted in the PSR, Mr. Prescott did not have a stable childhood (¶ 53). Despite this fact, however, he has been involved in what the PSR describes as a "significant relationship" with Michelle Ruff since approximately 2000 or 2001 (¶ 66) and has a two (2) year old daughter with her (¶ 67). Mr. Prescott has been working to build a stable life for his daughter, and a sentence of one year and one day will serve to deter him from committing future crime based on the fact that it will be one year and one day that he is away from his daughter during such an important time in her life.

Finally, section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. The offense that led to this indictment did not involve violence or possession of a weapon. While it is true that Mr. Prescott has prior involvement with the criminal justice system, it is significant to note that he was seeking legitimate employment at the time of his arrest for this offense. Additionally, while this offense did take place in a school zone, there are two important facts to consider: (1) the offense did not involve dealing with or near school children and (2) virtually the entire area surrounding Warren Gardens is located in one school zone or another; therefore, Mr. Prescott did not seek out a school zone when he committed the crime charged. Further, while Mr. Prescott does have prior involvement with the criminal justice system, most of his other arrests occurred while he was under eighteen (18). Mr. Prescott reported to the Probation Officer that since he was 16 or 17, he has lived on his own or with friends (¶ 55). As a result of choosing the wrong friends in some instances, Mr. Prescott got himself into trouble. Upon his release in this case, however, he will return to living with his girlfriend and their daughter in an adult situation – as opposed to moving from place to place as a teenager. A sentence of one year and one day will be sufficient to ensure that the public is protected from further crimes of the defendant.

Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release, defendant suggests that a sentence of one year and one day would be appropriate.

        Respectfully submitted,
        **KARL LAWRENCE PRESCOTT,**
        By his attorneys,


        /s Christie M. Charles
        _____
        George F. Gormley (BBO# 204140)
        Christie M. Charles (BBO# 646995)
        *George F. Gormley, P.C.*
        655 Summer Street
        Boston, MA 02210
        (617) 478-2750


**Dated:**    February 4, 2005