The court has not imposed the Guidelines sentence in this case, but has imposed a sentence that is nine months less than the minimum sentence under the Guidelines. The Court has sentenced the defendant in accordance with his individual criminal responsibility. Whereas a Guidelines sentence would have been determined on the basis of the quantity of cocaine base attributable to the defendant because of his participation in a joint or common criminal undertaking (2.3 grams), the sentence the court has imposed is based on the quantity of cocaine base actually distributed by the defendant (1.15 grams). It appears from the pre-sentence report that the defendant's participation in the joint criminal activity was a matter of fortuity. There was no evidence that this defendant was a regular member of an ongoing drug trafficking ring. Rather, it appears that the defendant's participation in the joint activity occurred because he happened to come on the scene at the time a drug transaction was taking place, and he was able to supply a quantity of cocaine base that completed the transaction. There was no evidence that had the defendant not ben able to contribute to the transaction, the transaction would not have occurred. Because the quantity of cocaine base the defendant actually distributed is relatively small and closer to the quantity that triggers a one-year mandatory minimum sentence, the court's sentence of a term of imprisonment of twenty-eight months reasonably reflects the level of culpability of the defendant.

The court has also taken into account the fact that the defendant was virtually abandoned by any parental authority the time he was sixteen years old and has lived on his own since that time. In the court's view this circumstance of the defendant's upbringing should be, and it has been, reflected in the sentence.